ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona
ADAM D. ROSSI
Assistant U.S. Attorney
Arizona State Bar No. 028042
405 West Congress, Suite 4800
Tucson, Arizona 85701-5040
Telephone: (520) 620-7300
eMail: adam.rossi2@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | CR 19-00690 TUC JAS-LCK |
|---|---|
| Plaintiff, | |
| v. | GOVERNMENT'S APPLICATION FOR ORDER REGARDING CRIMINAL FORFEITURE OF PROPERTY IN GOVERNMENT CUSTODY |
| Alexander True Norman, | |
| Defendant. | |

Plaintiff, United States of America, by and through its attorneys, Elizabeth A. Strange, First Assistant United States Attorney for the District of Arizona, and Adam D. Rossi, Assistant U.S. Attorney, hereby moves for an order allowing the Government to maintain custody of property already in the Government's possession pending the resolution of a criminal forfeiture matter. In support of its motion, the Government states the following:

On February 15, 2019, special agents of the Homeland Security Investigations-ICE seized one (1) 2018 Honda Civic passenger car, VIN: SHHFK7H47JU224646 ("the seized property"), used or intended to be used to commit or facilitate the commission of a violation of Title 18, United States Code, Section 2422(b). In accordance with Title 18, United States Code, Section 983(a)(1)(A)(iii), the government obtained a criminal indictment containing an allegation that the seized property is subject to forfeiture. Therefore, it is necessary for the government to take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute. The

applicable forfeiture statute in this case is Title 18, United States Code, Section 2428(a)(1). Title 18, United States Code, Section 982(b)(1) provides that the seizure of property shall be governed by Title 21, United States Code, Section 853, which prescribes several methods for preserving property for the purpose of criminal forfeiture. Additionally, Title 28, United States Code, Section 2461(c) provides "[t]he procedures in section 413 of the Controlled Substances Act (21 U.S.C. § 853) apply to all stages of a criminal forfeiture proceeding ... ."

Section 853(f) authorizes the issuance of a criminal seizure warrant. However, in cases like this one, where the property in question is already in Government custody, it is not appropriate for a court to issue a seizure warrant directing the Government to seize property from itself. *See In Re: 2000 White Mercedes ML 320*, 220 F. Supp.2d 1322 (M.D. Fla. 2001)  (if property is already in Government custody, no Section 853(f) seizure warrant can be issued, as an order under Section 853(e) would be sufficient to preserve the property).

Second, Section 853(e) authorizes the court to issue a restraining order or an injunction to preserve the property for forfeiture. Again, as courts have pointed out, it is unnecessary to issue an order enjoining the Government from disposing of property that the Government has taken into its custody for the purpose of forfeiture, and that the Government has represented it will preserve for that purpose through the conclusion of the pending criminal case. *Id.*

Finally, Section 853(e)(1) also authorizes a court to "take any other action to preserve the availability of property" subject to forfeiture. One court has suggested that this provision is the one that should be invoked when the Government seeks to comply with Section 983(a)(3)(B)(ii)(II). **1/**   *Id.* at 1326, n.5 (noting that Section 853(e)(1) was not

---

**1/**   Sections 983(a)(1)(A)(iii)(II) and 983(a)(3)(B)(ii)(II) contain identical language regarding taking the steps necessary to preserve the government's right to maintain custody of seized property.  The difference between the two is whether an interested party filed a claim with the seizing agency to request initiation of judicial proceedings.  In the instant case, because of the value of the seized property, no administration forfeiture action was initiated, thus requiring the government to include the seized property within a criminal forfeiture allegation or civil complaint for forfeiture in rem within 60 days of seizure.

*United States of America v. Alexander True Norman*
*Application for Order to Maintain Custody – Page 2 of 3*

limited to injunctions and restraining orders, and suggesting that "there might be some order short of an injunction or restraining order that will assure the availability of the property subject to forfeiture" when it is already in Government custody).

In this case, the seized property is already in Government custody and the Government has represented to the Court that it intends to preserve the property for the purpose of forfeiture through the conclusion of the pending criminal case. Neither a seizure warrant under Section 853(f) nor a restraining order or injunction under Section 853(e) is required to preserve the property for forfeiture. Rather, all that is required to comply with Section 983(a)(1)(A)(iii)(II) is an order from this Court stating that the United States and its agencies, including Homeland Security Investigations-ICE, may continue to maintain custody of the seized property until the conclusion of the criminal forfeiture action.

WHEREFORE, pursuant to Section 853(e)(1), the United States respectfully moves this Court to issue an order directing that the United States may maintain custody of the seized property through the conclusion of the pending criminal case, and stating that such order satisfies the requirements of Title 18, United States Code, Section 983(a)(1)(A)(iii)(II).

Respectfully submitted this 29th day of April, 2019.

ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

*S/ Adam D. Rossi*

_____
ADAM D. ROSSI
Assistant United States Attorney

Copy of the foregoing served electronically or by other means this 29th day of April, 2019 to:

Joshua F. Hamilton, Esq.
Attorney for Defendant

*United States of America v. Alexander True Norman*
*Application for Order to Maintain Custody – Page 3 of 3*