Law Office of
MICHAEL J. BLOOM, PC
100 North Stone Avenue, Ste. 701
Tucson, Arizona 85701
MICHAEL J. BLOOM (AZ Bar No. 004897)
Email: mike@michaeljbloom.net
Telephone: (520) 882-9904
Fax: (520) 628-7861

Law Office of
HERNANDEZ & HAMILTON, PC
The Johnson House Offices
455 West Paseo Redondo
Tucson, Arizona 85701-8254
JOSHUA F. HAMILTON (AZ Bar No. 028084)
Email: Josh@Hernandez-Hamilton.com
Telephone: (520) 882-8823
Fax: (520) 882-8414

Attorneys for Defendant Norman

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR19-00690-TUC-JAS(LCK) |
|---|---|
| Plaintiff, | |
| vs. | **RESPONSE TO GOVERNMENT'S APPLICATION FOR ORDER REGARDING CRIMINAL FORFEITURE OF PROPERY IN GOVERNMENT CUSTODY** |
| Alexander True Norman, | |
| Defendant. | |

The defendant, Alexander True Norman, by and through counsel undersigned, hereby responds to the government's Application for Order Regarding Criminal Forfeiture of Property in Government Custody [Doc. 22] wherein it seeks Court permission to continue to withhold Mr. Norman's vehicle pending the resolution of this case. For the reasons outlined below, this Court should deny the government's application and, further, order the government to

immediately return the seized property.  U.S. Const., amend. IV, V, XIV; Fed. R. Crim. 32.2, 41(g).  The grounds for this response are set forth in the accompanying Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

I.   BACKGROUND

On February 15, 2019, Alex Norman was arrested by HSI for attempted enticement of a minor, in violation of 18 U.S.C. § 2422(b).  Agents also seized his vehicle, a black 2018 Honda Civic, which his mother had purchased for him to use while attending graduate school at the University of Arizona.  On March 8, 2019, HSI initiated administrative forfeiture proceedings against the Honda Civic pursuant to the Civil Asset Forfeiture Reform Act ("CAFRA"), 18 U.S.C. § 983, providing notice of its intent to forfeit the vehicle.  Mr. Norman and his mother timely submitted claims and contested the government's alleged grounds for forfeiture.  On April 12, 2019, HSI responded with a letter indicating it had terminated its administrative forfeiture proceedings and that the forfeiture matter "will be handled through the[] criminal proceedings."  Thus, because the government elected to abandon administrative CAFRA proceedings and chose not to pursue civil *in rem* judicial proceedings, the only remaining basis for forfeiture of the vehicle is the forfeiture allegation contained in the indictment.  [Doc. 10.]  On April 28, 2019, counsel undersigned requested the government release the

vehicle pending resolution of the criminal matter. The government refused and, instead, now seeks Court authorization to continue unilaterally depriving Mr. Norman (and his mother) of the vehicle while the criminal case is pending.

## II.   LAW AND ARGUMENT

The indictment charges that, in the event Mr. Norman is convicted, his vehicle will be forfeited. The government argues it must "preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute." No such right exists. The forfeiture statute authorizes the district court, "in *imposing sentence* on any person *convicted*" of violating certain enumerated federal criminal statutes to "order such person to forfeit his interest in any property…that was used or intended to be used to commit or to facilitate the commission of such violation." 18 U.S.C. § 2428(a)(1) (emphasis added); *see also United States v. Newman*, 659 F.3d 1235, 1241 (9th Cir. 2011) ("Congress conceived of [criminal] forfeiture as *punishment* for the commission of various crimes.") (emphasis in original). In other words, the forfeiture statute only permits forfeiture upon conviction; it does not authorize the government to unilaterally withhold property from a defendant while his criminal case is pending.

None of the other forfeiture provisions offered by the government permit it to retain a criminal defendant's personal property by merely lodging a criminal forfeiture allegation against him in the indictment. For example, 21 U.S.C. § 853

sets forth various protective measures courts may utilize to protect property which may be subject to criminal forfeiture (and the government's prospective interest in it) such as issuing restraining orders, injunctions, and monetary bonds, etc. *See*, *e.g.*, 21 U.S.C. § 853(e)(1)(A), (e)(2), (f). Despite the availability of these prophylactic measures, the government nevertheless contends none could protect its interest in the Honda Civic because it is already in the government's possession. (Govt. Br. 2-3.). To the contrary, various subsections of the forfeiture statutes authorize district courts to issue orders, as necessary, to protect property subject to seizure that is ***not*** already in the government's possession, *i.e.*, to ensure the property's value is not diminished while the case is pending and before the defendant is convicted.

If the government fears the Honda Civic's value will be negatively impacted if released until the case is resolved, Mr. Norman will stipulate to the issuance of a restraining order limiting his ability to sell, transfer, alter, or remove it from the District of Arizona without prior Court authorization. He will also continue to insure it and not allow coverage to lapse for any reason. The government should not be permitted, however, to continue to hold it while the case is pending. The government has not offered ***any*** direct legal support for its proposed course of action here. Nor has the government demonstrated why it is necessary to maintain custody of the Honda Civic while the case is pending. Nothing in the applicable

forfeiture statute (18 U.S.C. § 2428) or any other provision of law offered by the government authorizes unilaterally, indefinitely withholding property until the criminal case is resolved. The Honda Civic may be forfeited only upon a jury determination of Mr. Norman's guilt. Fed. R. Crim. P. 32.2(b)(1)(A). Unless and until that occurs, it is not subject to criminal forfeiture and thus cannot be deprived from its lawful interest holder(s).

## III. CONCLUSION

For the reasons set forth above, this Court should deny the government's request for an order permitting it to maintain custody of Mr. Norman's seized property and should direct the government to return it pursuant to Fed. R. Crim. P. 41(g).

RESPECTFULLY SUBMITTED this 30th day of April, 2019.

Law Office of
HERNANDEZ & HAMILTON, PC


 *s/Joshua F. Hamilton*
JOSHUA F. HAMILTON
Attorney for Defendant

## CERTIFICATE OF SERVICE

I, Joshua F. Hamilton, do hereby certify that on this 30th day of April, 2019, I transmitted the foregoing document to the following recipients:

The Honorable James A. Soto
United States District Court

Adam Rossi, Assistant
United States Attorney's Office

Michael J. Bloom
Attorney for Defendant Norman

Joshua F. Hamilton
Attorney for Defendant Norman

By *s/Joshua F. Hamilton*
    JOSHUA F. HAMILTON