ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona
ADAM D. ROSSI
Assistant United States Attorney
405 West Congress, Suite 4800
Tucson, Arizona 85701-5040
Telephone: (520) 620-7300
Email: adam.rossi2@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | CR 19-00690 TUC JAS (LCK) |
|---|---|
| Plaintiff, | |
| v. | GOVERNMENT'S REPLY TO DEFENDANT'S RESPONSE TO GOVERNMENT'S APPLICATION FOR ORDER REGARDING CRIMINAL FORFEITURE |
| Alexander True Norman, | |
| Defendant. | |

The Plaintiff, United States of America, hereby replies to Defendant's Response to Government's Application for Order Regarding Criminal Forfeiture of Property in Government Custody.  This reply is supported by the accompanying Memorandum of Points and Authorities and all matters of record.

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.    **FACTS:**

On February 15, 2019, agents of the U.S. Homeland Security Investigation ("Seizing Agency"), arrested ALEXANDER TRUE NORMAN ("Defendant"), and seized one 2018 Honda Civic, VIN: SHHFK7H47JU224646 (the "Seized Property").

On March 13, 2019, in accordance with Title 18, United States Code, Section 983 (a)(1)(A)(iii), the government obtained a criminal Indictment against the Defendant, containing an allegation that the Seized Property was subject to forfeiture. (ECF Doc. 10).

On April 4, 2019, about seven weeks after the seizure and three weeks after the Indictment, the Defendant filed a claim with the Seizing Agency to suspend the

1  administrative forfeiture proceedings and requested that the forfeiture be referred to the
2  U.S. Attorney's office for a court decision.

3  On April 9, 2019, seven weeks and three days after the seizure and three weeks and
4  five days after the Indictment, Defendant's mother, Anne E. True, filed a claim with the
5  Seizing Agency to suspend the administrative forfeiture proceedings in the same case, and
6  requested that the forfeiture be referred to the U.S. Attorney's office for a court decision.

7  On April 29, 2019, in compliance with Title 18, United States Code, Section
8  983(a)(3)(B)(ii)(II), the Government filed an Application for Order Regarding Criminal
9  Forfeiture of Property in Government Custody. (ECF Doc. 22).

10  On April 30, 2019, the Defendant filed a Response (ECF Doc. 23) opposing the
11  government's Application, and citing Fed. R. Crim. P. 41(g), as basis for his opposition to
12  government's Application.  Section 983(a) of Title 18, United States Code, which was
13  enacted by the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA") *codified at* Title 18,
14  United States Code, Section 981 *et seq.*, provides that the government shall have 90 days
15  after a claim has been filed to: 1) file a complaint for forfeiture; 2) obtain a criminal
16  indictment containing a forfeiture allegation; or 3) release the property. 18 U.S.C. §
17  983(a)(3).  In this instant case, the Defendant filed his claim with the Seizing Agency on
18  April 4, 2019.  Therefore, the 90-day deadline for the government to take action is July 3,
19  2019. As the government had already included the Seized Property in a criminal Indictment
20  before Defendant filed a claim in the administrative forfeiture case, the 90-day deadline in
21  Section 983(a)(3) was already satisfied.

22  **II.   LAW:**

23  Fed. R. Crim. P. 41(g) provides that: "Motion to Return Property.  A person
24  aggrieved by an *unlawful* search and seizure of property or by the deprivation of property
25  may move for the property's return," and that "[t]he court must receive evidence on any
26  factual issue necessary to decide the motion."

27  Rule 41(g) is not available once the government commences forfeiture proceedings.
28  A motion under Rule 41(g), or a similar civil equitable action, is of limited value to a

defendant once a grand jury returns an indictment that contains allegations that the property is subject to criminal forfeiture, because the grand jury's forfeiture allegation conclusively determines that there is probable cause to issue a pre-trial restraining order or seizure warrant if the property is connected to the alleged offense. *United States v. White*, Crim. No. PWG-13-0436, 2014 U.S. Dist. LEXIS 108694, 2014 WL 3898378 (D. Md. Aug. 7, 2014) (Rule 41(g) cannot be used once the grand jury has returned an indictment listing property as subject to forfeiture); *United States v. Durante*, 2012 WL 2863490, *1 (D.N.J. July 11, 2012) (once the property has been included in an indictment, the court may not entertain a Rule 41(g) motion for the return of the property).

In Defendant's Response to the Government's Application for Order Regarding Criminal Forfeiture of Property in Government Custody, the Defendant represented that the Seized Property was purchased for him by his mother with legitimate funds and that Defendant and his mother submitted claims stating that the Seized Property was not used unlawfully, thus contesting the government's alleged grounds for forfeiture. This is not the government's position for seizing the vehicle. The government is seeking forfeiture of the vehicle due to it being used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of an Attempted Enticement of a Minor in violation of Title 18, United States Code, Section 2422. The Seizing Agency is holding the Seized Property in government custody as evidence of that offense. The disclosure presented to Defendant, by and through his legal counsels, clearly identifies the Defendant, as sitting in the Seized Property while awaiting the arrival of a 14-year old female at the agreed upon meeting location for the purpose of engaging in criminal sexual activity, making the Seized Property forfeitable pursuant to Title 18, United States Code, Section 2428(b)(1)(A). Facilitation occurs when the property makes the prohibited conduct less difficult or more or less free from obstruction or hindrance. *United States v. Schifferli*, 895 F.2d 987, 990 (4th Cir. 1990); *United States v. Bornfield*, 145 F.3d 1123, 1135 (10th Cir. 1998) (citing *Schifferli)*; *United States v. Puche*, 350 F.3d 1137, 1153 (11th Cir. 2003) (citing *Bornfield)*. Therefore, the Seized Property facilitated and made the crime easier to commit.

Criminal forfeiture is an aspect of punishment imposed following conviction of a substantive criminal offense.  It is part of the sentence imposed on a person convicted of a criminal offense for which forfeiture is specifically authorized as a form of punishment. *United States v. Davenport*, 668 F.3d 1316, 1320-21 (11th Cir. 2012) (summarizing criminal forfeiture procedure under Rule 32.2); Criminal forfeiture operates *in personam* against a defendant; it is part of his punishment following conviction. *United States v. Lazarenko,* 476 F.3d 642, 647 (9th Cir. 2007).

The government is not looking to profit from the Defendant's wrongdoings.  In many instances, the government has forfeited thumb drives, cell phones, and older model vehicles in order to disrupt criminal enterprises. Title 18, United States Code, Section 983(a)(3)(B)(ii)(II) provides that if the government elects to pursue criminal forfeiture and not civil forfeiture after seizing property with civil process, it must "take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute."  The government is simply attempting to take the necessary steps to maintain possession of the seized vehicle in compliance with Title 18, United States Code, Section 983(a)(3)(B)(ii)(II).

An allegation was included in the Indictment, specifically naming the Seized Property as forfeitable pursuant to Title 18, United States Code, Section 2428(b)(1)(A), the Defendant and his mother each filed a claim to suspend the administrative forfeiture and referred the forfeiture for court action, and now the government is simply seeking to maintain custody of the vehicle until the resolution of the criminal case.  *United States v. Abrahams*, 2013 WL 285719 (D. Md. Jan. 24, 2013) (if someone contests the administrative forfeiture of property and the government elects to pursue only criminal forfeiture, it may comply with § 983(a)(3)(C) by including the property in an indictment or bill of particulars within 90 days and obtaining a "housekeeping" order allowing it to maintain custody pending the conclusion of the criminal case).

In a case like this one, where the property in question is already in government custody, it is not appropriate for a court to issue a seizure warrant directing the government

to seize property from itself. *United States v. Martin*, 460 F. Supp. 2d 669, 675-76 (D. Md. 2006) (because Government had already included defendant's property in indictment before defendant filed a claim in the administrative forfeiture case, 90-day deadline in Section 983(a)(3) was already satisfied, ….).

In no way is Defendant's due process to contest the forfeiture being compromised by requesting this court to sign the proposed Order Allowing United States to Maintain Custody of Seized Property.  The Government is not seeking a Final Order of Forfeiture or even a Preliminary Order of Forfeiture, the Government is merely taking care of "housekeeping" matters and complying with Title 18, United States Code, Section 983(a)(3)(B)(ii)(II), and Title 18, United States Code, Section 2428(b)(1)(A).

## III.   **CONCLUSION**:

Based on the foregoing, the circumstances in this matter justify the entry of an Order to Maintain Custody of Seized Property.  The government respectfully requests that its Application be granted and that an Order allowing the United States to Maintain Custody of Seized Property (ECF Doc. 22-1), be entered.

Respectfully submitted this 1st day of May, 2019.


ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

*S/ Adam D. Rossi*
_____
ADAM D. ROSSI
Assistant United States Attorney


Copy of the foregoing served electronically or by
other means this 1st day of May, 2019 to:

The Honorable James A. Soto
United States District Judge

Michael J. Bloom, Esq.
Joshua F. Hamilton, Esq.
Attorneys for Defendant