1
2
3
4
5
6

**IN THE UNITED STATES DISTRICT COURT**

7

**FOR THE DISTRICT OF ARIZONA**

8

| | |
|---|---|
| 9  United States of America, | No. CR-19-00690-001-TUC-JAS (LCK) |
| 10             Plaintiff, | **ORDER** |
| 11  v. | |
| 12  Alexander True Norman, | |
| 13             Defendant. | |

14

15          The Court, having considered the Government's motion, Defendant's response, and

16  Government's reply (Docs. 22, 23,26), along with relevant statutes and case law, the Court

17  finds,

18          The Government obtained a grand jury indictment against the Defendant which

19  included a forfeiture allegation for the seized property (2018 Honda Civic Sedan, VIN:

20  SHHFK7H47JU224646).  (Doc. 10.) The Government represents that it has already taken

21  the seized property into custody for purpose of forfeiture and that it will preserve the seized

22  property until the criminal case and related criminal forfeiture proceedings are resolved.

23  Based on these representations, all that is required pursuant to 21 U.S.C. §853(e) is an order

24  directing the Government to continue to maintain custody of the property until the criminal

25  case in concluded.[1] The Court does not find persuasive Defendant's argument or reasons

26  for returning the seized property back to Defendant only to then issue a restraining order

27
28

---

[1] 21 U.S.C. § 853(e)(1) provides, "Upon application of the United States, the court may enter a restraining order or injunction, require the execution of a satisfactory performance bond, *or take any other action to preserve the availability of property* described in subsection (a) for forfeiture under this section –" (emphasis added).

to protect the seized property.  The seized property is already lawfully in the Government's possession and the Government has avowed it will preserve the seized property during the pendency of the criminal proceeding.  Assuming a criminal forfeiture order is issued at the conclusion of the criminal case, any third party claim to the seized property can be addressed at that time pursuant to Fed.R.Crim.Proc. 32.2(c) and 21 U.S.C. §§ 853(k) and (n).

Accordingly, it is HEREBY ORDERED, that the United States may maintain custody of the property that was seized for forfeiture in this case.

IT IS FURTHER ORDERED that in applying for and obtaining this Order, the Government has complied with the requirements of 18 U.S.C. § 983(a)(3)(B)(ii)(II) regarding the preservation of property for the purpose of criminal forfeiture.

THEREFORE, WHEREAS, the property in question includes the following asset: one (1) 2018 Honda Civic passenger car, VIN: SHHFK7H47JU224646; and

WHEREAS, the seized property is already in the lawful custody of the Government; and

WHEREAS, the Government has represented to the Court that it will maintain and preserve the seized property throughout the pending criminal case so that it will be available for forfeiture; and

WHEREAS, 18 U.S.C. § 983(a)(3)(B)(ii)(II), which is applicable to this case, requires that the Government, in order to maintain custody of property for the purpose of criminal forfeiture, must take steps to preserve the property under 21 U.S.C. § 853; and

WHEREAS, § 853(e)(1) authorizes the Court to take any action necessary to preserve the availability of property,

IT IS HEREBY ORDERED, that the United States and its agencies, including the Homeland Security Investigations-ICE, are authorized to maintain and preserve the seized property until the conclusion of the instant criminal case, pending further Order of this Court,

1    AND IT IS FURTHER ORDERED, that this Order satisfies the requirements
2    described in 18 U.S.C. § 983(a)(3)(B)(ii)(II).

3

4    Dated this 20th day of May, 2019.

5

6

7    _____
8    Honorable Lynnette C. Kimmins
     United States Magistrate Judge