MICHAEL BAILEY
United States Attorney
District of Arizona
ADAM D. ROSSI
Assistant U.S. Attorney
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: adam.rossi2@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>Alexander True Norman,<br><br>Defendant. | CR 19-690-TUC-JAS (LCK)<br><br><br><br>PLEA AGREEMENT |

The United States of America and the defendant agree to the following disposition of this matter:

## PLEA

1. The defendant agrees to plead guilty to the Information, which charges the defendant with Attempted Travel with Intent to Engage in Illicit Sexual Activity, a felony, in violation of Title 18 U.S.C. §§ 2423(b), and 2423(e). The Indictment in this matter will be dismissed at the time of sentencing.

## TERMS

2. The defendant understands that this guilty plea is conditioned upon the following terms, stipulations, and requirements:

///

Maximum Penalties

A. A violation of Title 18, United States Code, Section 2423(b), is punishable by a maximum term of 30 years' imprisonment, as well as a maximum fine of $250,000. The statute exposes the defendant to a term of lifetime supervised release under §§ 5D1.1 and .2 of the Sentencing Guidelines and Title 1, Section 101 of the PROTECT Act.

B. According to the United States Sentencing Guidelines (U.S.S.G.) issued pursuant to the Sentencing Reform Act of 1984, the Court shall:

(1) Order the defendant to pay a fine pursuant to 18 U.S.C. §§ 3572 and 3553, unless the Court finds that a fine is not appropriate; and

(2) Order the defendant to serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed, and may impose a term of supervised release in all other cases.

C. Pursuant to 18 U.S.C. § 3013(a)(2)(A), the Court is required to order the defendant to pay a $100 special assessment.

D. Pursuant to 18 U.S.C. §3014 (a) (4), an additional mandatory special assessment of $5000 for each count of conviction will be imposed on any non-indigent person convicted of an offense under chapter 110 (Sexual Exploitation and Other Abuse of Children).

E. Pursuant to Title 18, United States Code, Section 3561, et seq., at the sole discretion of the Court, and even if probation is available, the defendant instead may be sentenced to a term of imprisonment.

3. The government reserves the right to revoke this agreement if, prior to the sentencing in this matter, the government discovers evidence of the defendant's commission of any child sexual abuse crimes or violent felonies other than those known at the time this offer is entered, as detailed in the pre-trial services report and disclosure in this matter. Further, this plea agreement pertains only to the specific criminal activity that is charged and detailed in the Indictment in this matter, and does not preclude a further

federal or state prosecution of the defendant for any additional criminal activity which may be discovered in any further or future investigation, including but not limited to federal or state criminal charges for any other federal or state criminal charges relating to sexual abuse or exploitation of a minor.

## Agreements Regarding Sentence

4. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the defendant and the government agree to be bound by a sentencing range of **0 months to 60 months**, with the sentence of imprisonment to be followed by **lifetime Supervised Release**, with conditions set out below. The agreement is contingent upon defendant being in Criminal History Category I. Either party may withdraw from the agreement in the event the defendant is sentenced outside of the above range.

5. In addition, the defendant shall register as a sex offender pursuant to Arizona Revised Statutes § 13-3821 prior to his release from confinement. The defendant acknowledges that he has been advised and understands that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school; and for purposes of initial registration, the defendant understands that he must also register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student, amongst other information, as outlined in ARS § 13-3821 and 42 U.S.C. § 16914. The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status and provide current information for the full registration period as set out in ARS § 13-3821 and 42 U.S.C. § 16915. The defendant understands that failure to comply with these obligations

subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

6. If the Court, after reviewing this plea agreement, concludes that any provision is inappropriate, it may reject the plea agreement under Rule 11(c)(5), Fed. R. Crim. P., giving the defendant, in accordance with Rule 11(d)(2)(A), Fed. R. Crim. P., an opportunity to withdraw the defendant's guilty plea.

7. <u>Assets and Financial Responsibility</u>

a. The defendant shall (i) make a full accounting of all assets, including real and personal property in which the defendant has any legal or equitable interest; (ii) permit the U.S. Attorney's office to immediately obtain the defendant's credit reports in order to evaluate the defendant's ability to satisfy any financial obligation that is or might be imposed by the court; (iii) make full disclosure of all current and projected assets to the U.S. Probation Office immediately and prior to the termination of the defendant's supervised release or probation, such disclosures to be shared with the U.S. Attorney's Office, including the Financial Litigation Unit, for any purpose [as well as the financial condition of all household members (including but not limited to that of a spouse or child)]; (iv) cooperate fully with the government and the Probation Officer to execute such documentation as may be necessary to secure assets to be applied to restitution owed by the defendant. The defendant agrees to permit the Probation Officer to provide to the U.S. Attorney's office copies of any and all financial information provided by the defendant to the U.S. Probation Office; and (v) not (and shall not aid and abet any other party to) sell, hide, waste, spend, destroy, transfer or otherwise devalue any such assets or property before sentencing, without the prior approval of the United States (provided, however, that no prior approval will be required for routine, day-to-day expenditures).

b. Pursuant to 18 U.S.C. § 3613, the defendant agrees that all financial obligations imposed by the court, including restitution, shall be due immediately upon judgment, shall be subject to immediate enforcement by the government, and shall be submitted to the Treasury Offset Program so that any federal payment or transfer of

returned property defendant receives may be offset and applied to federal debts (which offset will not affect any periodic payment schedule). If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program pursuant to a payment schedule to be determined by the court. The defendant understands that any schedules of payments imposed by the court, including schedules imposed while the defendant is incarcerated or on supervised release, are merely minimum schedules of payments and not the only method, nor a limitation on the methods, available to the government to enforce the judgment.

8. <u>Agreement as to Forfeiture</u>

a. Defendant, ALEXANDER TRUE NORMAN, knowingly and voluntarily agrees to forfeit all right, title and interest in: one (1) 2018 Honda Civic Sedan, VIN: SHHFK7H47JU224646, which was property used or intended to be used to commit or to facilitate violations of Title 18, United States Code, Section 2422(b), including but not limited to: one (1) 2018 Honda Civic Sedan, VIN: SHHFK7H47JU224646.

b. Defendant knowingly and voluntarily agrees not to pursue any filed claims, and to waive all interest in the assets listed above, in any administrative, civil or criminal judicial proceeding, whether state or federal, which may be initiated.

c. Defendant knowingly and voluntarily agrees to consent to the entry of orders of forfeiture for the forfeitable assets and waives the requirements of Federal Rules of Criminal Procedure, Rule 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

d. The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time his guilty plea is accepted.

e. Defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to all constitutional and statutory challenges in any manner

(including direct appeal, habeas corpus, any jeopardy defense or claim of double jeopardy, or any other means), and knowingly and voluntarily agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine or punishment, to any forfeiture carried out in accordance with this plea agreement on any grounds.

  f. Defendant warrants that he is the owner or has an interest in the property listed above, and knowingly and voluntarily agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of the above-listed assets covered by this agreement.

  g. Defendant knowingly and voluntarily agrees and understands the forfeiture of the assets listed above shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to the forfeiture.

Conditions of Supervised Release

  9. The government reserves the right to withdraw from the plea agreement if the sentence does not include **lifetime supervised release**. Some of the supervised release conditions <u>may</u> include, but are not limited to, the following:

  a. The defendant consents to search of person and any property, vehicle, business, and residence to be conducted in a reasonable manner and at a reasonable time by, or at the direction, of the probation officer. This consent includes the search and seizure of all computers, computer related devices, and the peripheral equipment, all data and/or images stored on hard disks, Zip Disks, floppy diskettes, CD ROMS, optical disks, magnetic tape and/or any other storage media whether installed within a device or removable and separate from the actual computer device. However, upon reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the defendant by any probation officer in the lawful discharge of the officer's supervision functions, the above mentioned search can occur at any time and be accomplished by any law enforcement in coordination with a probation officer.

b. The defendant shall participate in a program as approved by the United States Probation Office for the treatment and monitoring of sex offenders, including a requirement that he submit to risk assessment including physiological testing which may include but is not limited to the ABEL Arousal/Screen, and periodic polygraph. The defendant shall contribute to the cost of treatment in an amount to be determined by the probation officer. Sex offender assessment and treatment is to be conducted by a therapist(s) approved by the Probation Office, who will release all reports to the Supervising Officer.

c. The defendant shall participate in a mental health program as directed by the probation officer, which may include inpatient treatment and taking prescribed medication (to include anti-psychotic medication if the requisite findings are made). The defendant shall contribute to the cost of treatment in an amount to be determined by the probation officer. Further, the Supervising Officer may disclose the Pre-Sentence Report and/or previous mental health evaluations and reports to the mental health provider. The mental health provider may provide information, excluding the Pre-Sentence Report, to state or local agencies for the purpose of defendant's rehabilitation.

d. The defendant shall not possess any materials containing sexually explicit conduct as defined in 18 U.S.C. § 2256(2), or patronize any place whose primary function is to sell, rent, display, show or provide material depicting sexually explicit conduct in any format. This includes use of the telephone for purposes of engaging in conversation concerning sexually explicit conduct, and also prohibits the defendant from obtaining the services of a prostitute.

e. The defendant shall not have contact with any child under the age of 18 without prior written permission of the probation officer and shall report immediately but not later than 8 hours to the Supervising Officer/Designee any unauthorized contact with any child. Contact includes, but is not limited to, phone calls, letters, electronic communications such as voicemails, texts and e-mails, or communication through a third party.

f. The defendant shall maintain an appropriate appearance at all times which includes the wearing of undergarments and appropriate outer clothing in places where others might be present, including the home.

g. The defendant shall not contact the victims or the victims' families, and the probation officer will verify compliance. The defendant also shall not enter the premises of any victim, loiter near where any victims reside or have direct or indirect contact with any victims of his crime, except under circumstances approved in advance and in writing by the probation officer. Defendant shall immediately report any such contact to the probation officer. This prohibition against contact with victims, direct or indirect, shall apply during the defendant's incarceration as well as during supervised release.

h. The victims and/or their parents or guardians may have access to information related to the defendant's custody, release, residence, and whereabouts, throughout the defendant's period of supervision.

i. The defendant shall reside in a residence approved of in advance by the probation officer.

j. The defendant is restricted from engaging in any occupation, business, or profession that causes him to regularly be in contact with persons under the age of 18 without prior approval of the probation officer in writing. Further, the defendant shall not affiliate with, own, control or be employed in any capacity by any business whose principal product is the production or selling of materials depicting or describing "sexually explicit conduct" as defined at 18 USC § 2256(2).

k. When volunteering for any activities, the defendant shall advise such organization of his conviction.

l. The defendant shall not frequent or loiter within one hundred feet of schoolyards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by children under the age of 18.

m. The defendant shall not date or socialize with anybody who has children under the age of 18 without prior permission of the probation officer. The defendant shall

notify the probation officer immediately of the name, date of birth and contact information for any individuals with whom he has an intimate and/or romantic and/or sexual and close emotional relationship.

n.  The defendant shall not reside with any child under the age of 18 without prior written approval of the probation officer. Depending on the outcome of the psychosexual evaluation, the defendant may be allowed supervised visits with his own children.

o.  The defendant shall not possess or use a computer or other internet-capable device, including a "smartphone," with access to any "on-line computer service" at any location (including place of employment, educational facility or retail establishments) without the prior written approval of the probation officer. This includes any Internet Service provider, electronic bulletin board system, internet relay chat channel, DCC chat, instant messaging, newsgroup, usegroup, peer-to-peer file sharing program, any site based e-mail which provides some measure of anonymity (e.g., Hotmail, Gmail, Yahoo email), or any other public or private network or e-mail system. Further, at the approved residence where the defendant is ultimately ordered to reside upon his release from incarceration and a Community Corrections Center, that there is either no computer with internet access at that residence or that the owner of such computer has consented to having internet monitoring software installed on such computer.

p.  If computer use is authorized in writing by the Supervising Officer, the defendant consents to the installation of search and/or monitoring software and/or hardware including unannounced seizure for the purpose of search, at his own expense. The defendant has no expectation of privacy regarding computer use or information stored on the computer if monitoring software is installed and understands and agrees that information gathered by said monitoring software may be used against him in subsequent court actions regarding his computer use and conditions of probation. Defendant further agrees that he is fully responsible for all material, data, images and information found on his computer at all times.

q.  If computer use is authorized in writing by the Supervising Officer, defendant understands and agrees:

(1) Use of the computer for any purpose which might further sexual activity is strictly prohibited. Such use includes, but is not limited to, possession of sexually explicit material in any form; sexually related chat or email exchange; visiting or joining chat rooms which contain sexually explicit material on web sites; websites that contain nudity or sexually explicit materials; downloading files, digital images (in any format), text files, or multi-media material that is sexual in nature; or visiting and/or subscribing to usergroups, newsgroups, or list services which contain sexual content.

(2) Defendant shall be prohibited from using any form of encryption, cryptography, steganography, compression, password protected files, anonymizing software and/or other methods that might limit access to, or change the appearance of, data and/or images without prior written approval from the Supervising Officer/Designee. If, for work purposes, password protection is required on any system or files used by defendant, that defendant will provide the password immediately or upon receipt to Supervising Officer/Designee. The defendant will keep any and all passwords that have been approved by Supervising Officer/Designee current and make immediate notifications should any of the passwords change.

(3) Defendant shall be prohibited from altering or destroying records of computer use, or preventing the creation of such records, without the prior written authorization of the Supervising Officer/Designee. This includes, but is not limited to, deleting or removing browser history data regardless of its age, the possession of software or items designed to boot into RAM kernals, alter or wipe computer media, defeat forensic software, or block monitoring software. This also includes a prohibition against restoring a computer to a previous state or the reinstallation of operating systems.

(4) Defendant will provide the Supervising Officer/Designee with a current list of all computer and computer related equipment used by him, including backup systems, and will keep this list current.

(5) Defendant shall not utilize, by any means, any social networking or social media forums offering an interactive, user-submitted network of friends; personal profiles; blogs; chat rooms; or other online environments which allow for interaction with others, without prior written permission from the probation officer.

r. Upon release from incarceration, the defendant shall reside and actively participate in a Residential Re-entry Center for up to one year or until discharged by the Supervising Officer. This placement is to facilitate the defendant's transition into the community and to facilitate treatment for sexual deviance.

s. The defendant shall not own, use or have access to the services of any commercial mail receiving agency, nor shall he open or maintain a post office box without the prior written approval of the Supervising Probation Officer.

## Plea Addendum

10. This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and may be filed with the Court under seal. Accordingly, additional agreements, if any, may not be in the public record.

## Waiver of Defenses and Appeal Rights

11. The defendant waives any and all motions, defenses, probable cause determinations, and objections that which the defendant could assert to the information or indictment, or to the petition to revoke, or to the Court's entry of judgment against the defendant and imposition of sentence upon the defendant, providing the sentence is consistent with this agreement. The sentence is in accordance with this agreement if the sentence imposed is within the stipulated range. The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under 18 U.S.C. § 3742 (sentence appeals); (3) any right to appeal the district court's refusal to grant a requested variance; (4) any right to collaterally attack defendant's conviction and sentence under 28 U.S.C. § 2255, or any other

collateral attack; (5) any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c) and 3583(e)(early termination of supervised release), and any other challenge to the defendant's conviction or sentence; and (6) the right to a restitution schedule set by the Court for payment of restitution during any period of incarceration.. The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his/her conviction or sentence in this case. If the defendant files a notice of appeal or a habeas petition, notwithstanding this agreement, defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether defendant is in breach of this agreement and, if so, to permit the government to withdraw from the plea agreement. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

Psychosexual Assessment

12. The defendant agrees to submit to a psychosexual assessment prior to sentencing in this case, pursuant to 18 U.S.C. §3552(b). This assessment shall include but shall not be limited to physiological testing, including a polygraph, as directed by the Probation Department. The assessment shall be performed as determined by Probation, or by such other provider as may be approved of in writing and in advance by the Probation Department, provided that the provider is ATSA-certified, and shall be performed in accordance with the provider's standards and practice. All reports and information from this assessment shall be released to the Probation Department. The defendant agrees to contribute to the cost of this assessment in an amount to be determined by the Probation Department after the Probation Department has reviewed all financial and other information obtained in connection with the presentence investigation in this case. The defendant agrees to continue the sentencing date in this case until such assessment is performed and the results of such assessment are provided to the Probation Department. A

form of motion and order for the assessment is attached to the plea agreement and will be filed in court by the government at the time of the entry of the guilty plea in this case.

13. With respect to the United States Sentencing Guidelines, the defendant understands that they are advisory and must be consulted by the District Court at sentencing. Regardless, the defendant is waiving his right to appeal

### Reinstitution of Prosecution

14. If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any court in a later proceeding, the government will be free to prosecute the defendant for all charges as to which it has knowledge, and any charges that have been dismissed because of this plea agreement will be automatically reinstated. In such event, defendant waives any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth Amendment to the Constitution as to the delay occasioned by the later proceedings.

### Perjury and Other Offenses

15. Nothing in this agreement shall be construed to protect the defendant in any way from prosecution for perjury, false declaration or false statement, obstruction of justice, or any other offense committed by the defendant after the date of this agreement. Any information, statements, documents, or evidence the defendant provides to the United States pursuant to this agreement, or to the Court, may be used against the defendant in all such prosecutions.

### Disclosure of Information to U.S. Probation Office

16. The United States retains the unrestricted right to provide information and make any and all statements it deems appropriate to the Probation Office and to the Court in connection with the case. The defendant understands the government's obligation to provide all information in its file regarding defendant to the Probation Office.

17. The defendant shall cooperate fully with the U.S. Probation Office. Such cooperation shall include providing complete and truthful responses to questions posed by the Probation Office including, but not limited to, questions relating to:

a. criminal convictions, history of drug abuse and mental illness or conditions which would warrant treatment as part of sentencing; and

b. financial information, including present financial assets or liabilities that relate to the ability of the defendant to pay a fine and/or restitution.

## WAIVER OF DEFENDANT'S RIGHTS AND FACTUAL BASIS

### Waiver of Rights

18. I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions. I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I will be giving up my rights as follows: to plead not guilty; to trial by jury; to confront, cross-examine, and compel the attendance of witnesses; to present evidence in my defense; to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination; all with the assistance of counsel; to be presumed innocent until proven guilty beyond a reasonable doubt; to a restitution schedule set by the Court for payment of restitution during any period of incarceration; and, to appeal or file any other challenge to my conviction or sentence.

19. I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

20. I have been advised by my attorney of the nature of the charge to which I am entering my guilty plea. I have been advised by my attorney of the nature and range of the possible sentence, and that I will not be able to withdraw my guilty plea if I am dissatisfied with the sentence the court imposes.

21. My guilty plea is not the result of force, threats, assurance or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part and I agree to be bound according to its provisions.

22. I fully understand that, if I am granted probation or placed on supervised release by the Court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that, if I violate any of the

conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence may otherwise be altered.

23. I agree that this written plea agreement and any addendum, if any, contains all the terms and conditions of my plea and that promises made by anyone (including my attorney) that are not contained within this written plea agreement are without force and effect and are null and void.

24. I am satisfied that my defense attorney has represented me in a competent manner. I have had a full opportunity to discuss all facts and circumstances of this case with my attorney. I have a clear understanding of the charges and the consequences of this plea. I am pleading guilty because in truth and in fact I am guilty and for no other reason.

25. I am fully capable of understanding the terms and conditions of this plea agreement. I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.

26. Defendant understands that if this case proceeded to trial, the Government would be required to provide impeachment information relating to any informants or other witnesses. In addition, if defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such a defense. Defendant acknowledges, however, that by pleading guilty defendant will not be provided this information, if any, and Defendant also waives the right to this information. Finally, defendant agrees not to attempt to withdraw the guilty plea or to file a collateral attack based on the existence of this information.

27. This agreement is based on the understanding that Defendant has committed no criminal conduct since Defendant's arrest on the present charges, and that Defendant will commit no additional criminal conduct before sentencing. If Defendant has engaged in or engages in additional criminal conduct during this period, or breaches any of the terms of this agreement, the Government will not be bound by the recommendations in this

agreement, and may recommend any lawful sentence. In addition, at its option, the Government may move to set aside the plea.

## Elements of the Offense of
## Attempted Travel With Intent to Engage in Illicit Sexual Activity

1. The Defendant traveled in interstate commerce.

2. The Defendant's purpose in traveling in interstate commerce was to engage in illicit sexual conduct.

The term "illicit sexual conduct" means a sexual act with a person younger than 18 years of age where the sexual act would have been a violation of federal criminal law, specifically Chapter 109A.

## Factual Basis

I further agree that the following facts accurately describe my conduct in connection with the offense to which I am pleading guilty, and that if this matter were to proceed to trial the government could prove these facts beyond a reasonable doubt:

On or about February 15, 2019, ALEXANDER TRUE NORMAN began exchanging instant message via a cell phone over the internet, a means of interstate commerce, with a law enforcement officer (LEO) acting in an undercover capacity, with an undercover screen name. NORMAN was using the screen name "uofastud." After learning the person NORMAN was chatting with represented to be an underage girl, NORMAN continued to describe explicit sexual acts he wanted to perform. NORMAN also asked the undercover LEO, who he believed to be a 14-year-old minor, about her previous sexual experiences.

During the exchange of messages, NORMAN also sent a nude image, of an adult male with genitals exposed and the face obscured.

NORMAN agreed to meet the minor female at a location in Sierra Vista in the night of February 15, 2019. NORMAN, utilizing the interstate highway system, arrived at the agreed upon location at the time he indicated he would be there, and was arrested by agents. In a search incident to arrest NORMAN was found to have condoms in his possession that were requested by the undercover LEO.

///

- 16 -

NORMAN admits that he utilized a cell phone, to communicate with an underage minor on the internet, and traveled to the meet location for the purposes of have sexual with the underage minor.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE.

10/10/19
Date

ALEXANDER TRUE NORMAN
Defendant

### DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, the consequences of the guilty plea (including the maximum statutory sentence possible), and that the defendant is waiving the right to appeal or otherwise challenge the conviction and sentence. I have discussed the concept of the advisory Sentencing Guidelines with the defendant. No assurances, promises, or representations that are not contained in this written agreement have been given to me or to the defendant by the United States or any of its representatives. I have concluded that the entry of the plea as indicated above on the terms and conditions set forth in this agreement are in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

10/10/19.
Date

Michael Jay Bloom, Esq.
Joshua Fisher Hamilton, Esq.
Attorneys for Defendant

///

## GOVERNMENT'S APPROVAL

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

MICHAEL BAILEY
United States Attorney
District of Arizona

10/10/19
Date

ADAM D. ROSSI
Assistant U.S. Attorney