MICHAEL BAILEY
United States Attorney
District of Arizona
ADAM D. ROSSI
Assistant U.S. Attorney
State Bar No. 028042
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: adam.rossi2@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | |
| Plaintiff, | 4:19-CR-00690-JAS-1 |
| vs. | SENTENCING MEMORANDUM |
| Alexander True Norman, | |
| Defendant. | |

     Plaintiff, United States of America, by its attorneys, MICHAEL BAILEY, United States Attorney, and ADAM D. ROSSI, Assistant United States Attorney, hereby submit its sentencing memorandum in the above-captioned matter. The sentencing hearing is currently scheduled for November 9, 2020, before the Honorable District Court Judge James A. Soto.

     Having reviewed the findings and recommendations in the presentence report (PSR), the Government has no objection to the guideline calculations and concurs with the recommendations listed therein. The Government respectfully requests that this Court accept the plea agreement and impose a sentence of 46 months' imprisonment followed by lifetime supervised release.

     The defendant in this case has no prior criminal convictions, criminal conduct, pending charges, or other arrests. PSR at ¶¶ 28-29, 32-34. In this case, the defendant, on February 15, 2019, began sending online messages to what he believed was a 14-year-old

female child. PSR ¶¶ 6-7. The defendant asked the undercover agent if she was 19-years-old, and then stated, "I don't mind younger, just need to know." The undercover agent then told the defendant she was 14-years-old, to which he replied, "That's fine with me. I do need to see your body though." PSR ¶ 9.

The defendant requested a photo of the 14-year-old, and the agent sent a clothed picture of an undercover agent who appears to be a 14-year-old child. PSR ¶ 10. The defendant responded with a nude photo of an adult male with the face altered digitally. *Id*. The defendant then continued to ask sexually explicit questions, including explaining what "anal" and "deepthroating" were, to what he believed was a 14-year-old. *Id*.

The defendant then agreed to drive down to Sierra Vista to meet the 14-year-old female. PSR ¶ 11. The defendant told the undercover agent, "We can fuck in my car," and agreed to bring condoms. *Id*. When the defendant arrived from Tucson, he was placed under arrest, and did have the condoms with him. PSR ¶ 13. The defendant, in a post-*Miranda* interview with agents, admitted to the offense, provided consent for his cell phone which had an open internet chat window of the chat he was having with the undercover agent, and admitted that he was planning on having sex with the 14-year-old in his vehicle in the parking lot of the Sierra Vista community pool. *Id*.

Of particular concern to the government in this matter, are the results of the psychosexual examination. *See* PSR ¶¶ 52-59. The defendant did not appear to be a reliable self-reporter, minimized his behavior, and stated "he did not see much need for treatment." PSR ¶¶ 53-54. In addition to not fully disclosing, the defendant "provided multiple reasons why he is not appropriate for sex offender treatment," and "reported he does not have a problem with sexual offending." PSR ¶ 58. Therefore, the government requests the recommendations proffered by Probation as a result of these finding to be adopted by the Court as part of the defendant's community supervision and treatment plan. PSR ¶ 59.

While the plea agreement is appropriate in this case, the potential for harm caused by the defendant's actions to the community is immeasurable. The defendant traveled from

Tucson to Sierra Vista for the purpose of having sex with what he thought was a 14-year-old child. Of equal concern is the defendant's attitude and responses to the suggestion he needs treatment, which he clearly and absolutely does.

Therefore, in consideration of all the evidence, the defendant's actions, coupled with his inexcusable lack of interest in rehabilitation for his crime, the government would request the Court accept the plea agreement, and impose the recommendations of Probation, including a term of 46 months imprisonment, followed by lifetime supervised release, and adopt the recommended requirements for the defendant's supervision and treatment.

Based upon the nature of the current offense and the criminal history of the defendant, this sentence would be sufficient, but not greater than necessary, to reflect the seriousness of the offense, promote respect for the law, and provide just punishment in the instant case.

Respectfully submitted this 24th day of August, 2020.

MICHAEL BAILEY
United States Attorney
District of Arizona

*s/ Adam Rossi*

ADAM ROSSI
Assistant U.S. Attorney

Copy of the foregoing served electronically or by
other means this 24th day of August, 2020, to:

All ECF Participants