Law Office of
**MICHAEL J. BLOOM, PC**
100 North Stone Avenue, Ste. 701
Tucson, Arizona 85701
MICHAEL J. BLOOM (AZ Bar No. 004897)
Email: *mike@michaeljbloom.net*
Telephone: (520) 882-9904
Fax: (520) 628-7861

Law Office of
**HERNANDEZ & HAMILTON, PC**
The Johnson House Offices
455 West Paseo Redondo
Tucson, Arizona 85701-8254
JOSHUA F. HAMILTON (AZ Bar No. 028084)
Email: *Josh@Hernandez-Hamilton.com*
Telephone: (520) 882-8823
Fax: (520) 882-8414

Attorneys for Claimant Anne True

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>    Plaintiff,<br><br>vs.<br><br>Anne E. True,<br>    Claimant. | No. CR19-00690-TUC-JAS(LCK)<br><br>**REPLY TO GOVERNMENT'S RESPONSE TO THIRD-PARTY CLAIM AND MOTION TO DISMISS FOR LACK OF STANDING** |

The claimant, through her attorneys, hereby replies in opposition to the government's Response to Third Party Claim, which asks this Court to dismiss her claim to a 2018 Honda Civic for lack of standing. (ECF Doc. 81.)  For the reasons set forth below, this Court should deny the government's request and set a hearing to determine Ms. True's interest in the subject vehicle.  This reply is supported by the accompanying memorandum of points and authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

I.     FACTS

Ms. True is a retired chemistry professor and is the mother of the defendant, Alex Norman.  On or about July 10, 2018, in anticipation of Alex's move from Huntsville, Texas, to attend graduate school at the University of Arizona, Ms. True purchased the 2018 Honda Civic that is the subject of a criminal forfeiture order now in controversy.  The cashier's check from First National Bank of Huntsville, showing funds remitted by Ms. True to Keating Honda, was filed as an attachment to Ms. True's Third-Party Claim for Seized Property.  (*See* ECF Doc. 53 at 5.)  The government does not suggest—nor could it—that the funds Ms. True used to purchase the Civic were ill-gotten gains or that she had any involvement whatsoever in the criminal conduct which formed the basis of Alex's prosecution in the instant matter.  By all measures, she is an innocent owner within the meaning of 18 U.S.C. § 983(d).

The government seized the Civic following Alex's arrest on February 15, 2019, in Sierra Vista, Arizona, and about one month later, included a forfeiture allegation in his indictment.  (ECF Doc. 10.)  The vehicle has remained in the government's possession continuously since its seizure some 19 months ago.  Ms.

True timely asserted her legal interest in the vehicle by filing a third-party claim, pursuant to 21 U.S.C. § 853(n), on November 14, 2019.[1]  (ECF Doc. 53.)

The government contends Ms. True has zero interest in the Civic.  It rests its arguments on the mere fact that the Civic was titled in Alex's name.  Ms. True purchased the Civic for her son to use while in school and, therefore, it was titled in his name—that fact does not automatically strip her of any cognizable interests in it, as the government seems to contend.

Ms. True is statutorily entitled to a hearing to establish that she is an innocent party with a legally cognizable interest in the property at issue, thereby defeating the government's efforts to forfeit the vehicle.

## II.    LAW

Ms. True purchased the Civic seven months prior to the activity of Alex which gave rise to the forfeiture allegation.[2]  She had no role in her son's offense conduct.  Therefore, her "legal right, title, or interest in the property" predated "the commission of the acts which gave rise to the forfeiture."   18 U.S.C. §

---

[1]

Legal deficiencies notwithstanding, the government's motion to dismiss Ms. True's third-party claim comes nearly a full calendar year after Ms. True's Notice of Third-Party Claim for Seized Property was filed (ECF Doc. 53) and is untimely made.

[2]

While the plea agreement in Alex's criminal case stipulates to the forfeiture of *his* interests in the Civic, that does not interfere with, nor impact, Ms. True's interests as a third-party claimant.

853(n)(6)(A).    The government's lengthy discussion of § 853(n)(6)(B) is educational, but irrelevant.  (*See* ECF Doc. 81 at 3-5, 7.)

Ms. True has a right to a hearing to adjudicate the validity of her interests in the Civic under 18 U.S.C. § 853(n)(2).  The federal criminal forfeiture statute "permits forfeiture of the defendant's interest only, not the property of innocent parties." *United States v. Hernandez-Escobar*, 911 F.3d 952, 955 (9th Cir. 2018), *quoting United States v. Nava*, 404 F.3d 1119, 1124 (9th Cir. 2005).  Ms. True is entitled to testify and present evidence and witnesses on her own behalf, and to cross-examine witnesses who appear at the hearing on behalf of the government. *Id.* at 955-56, *quoting* § 853(n)(6).  And if she meets that burden, the government must return the vehicle to her.

State law determines whether Ms. True has a cognizable interest in the Honda, but federal law determines whether or not that interest is subject to forfeiture. *Id.* at 956.  First, just because title is prima facie evidence of ownership, that does not mean that lack of title defeats Ms. True's financial or equitable interests in the property.  Second, the government's assertion that Ms. True has no cognizable legal interest in the Civic merely because it is not titled to her is a gross misstatement of Arizona law.[3]  (*See* ECF Doc. 81 at 5.)

---

[3]

The government also fails to address why the operative state law should not be that of the State of Texas, where the vehicle was purchased and titled.

In Arizona, the certificate of title merely creates a prima facia presumption of ownership, which may be rebutted. *In re 1986 Chevrolet Corvette*, 183 Ariz. 637, 639 (1994). Indeed, the Arizona Supreme Court held that an individual's equitable interest in a vehicle is sufficient to challenge its forfeiture. *Id.* at 639, *citing* A.R.S. § 13-4301(3), defining "injured person" as one who has sustained some economic loss as a result of injury to property by conduct giving rise to its forfeiture; *see also One 1983 Toyota Silver Four-Door Sedan*, 168 Ariz. 399, 401 (App. 1991) (same).

Moreover, in the forfeiture context, in particular, Arizona requires courts to look beyond mere possession or title because failure to do so "would foster manipulation of nominal ownership to frustrate the intent of the forfeiture statutes." *In re Residence Located at 4030 W. Avocado, Cortaro Ridge, Lot 32*, 184 Ariz. 219, 220 (App. 1995) (citation omitted). This principle must be applied to claimants as well as to the state. "Ownership in the forfeiture context has also been stated as 'possession, control, titled, *and financial stake*' in the property." *Id.* at 35 (emphasis added). With respect to the residence at issue in *4030 W. Avocado*, the Court of Appeals denied the third-party's claim because he failed to establish (at a hearing) that he made any of the mortgage payments, did not select the property to be purchased, did not live on the property, did not insure the property, did not pay taxes on the property, and never made any repairs on the property. *Id.*

1
2
3
4
These facts sharply contrast with the facts here, where Ms. True helped select the Civic and paid for its purchase.  She also paid the fees and taxes associated with the purchase and registration of the vehicle.  She paid to insure the vehicle.  The

5
6
7
Civic was Alex's to use while he was attending graduate school in Tucson, but it was not his to do with as he pleased.  He was not allowed to sell it, transfer it,

8
9
10
11
modify it, etc.  The government's assertion that Ms. True has no legal claim to the Civic merely because it was titled in her son's name is meritless.  Her financial and equitable interests in the Civic are not subject to forfeiture under any theory.

12
13
14
15
Finally, under these facts, forfeiting the full value of Ms. True's interest in the Civic without so much as a hearing would raise serious Eighth Amendment concerns. *Timbs v. Indiana*, 139 S. Ct. 682 (2019).

16
17
**III.   CONCLUSION**

18
19
20
21
Based on the foregoing, this Court should deny the government's untimely motion to dismiss Ms. True's claim to the Civic and set a hearing in the matter pursuant to 18 U.S.C. § 853(n).

22
23
RESPECTFULLY SUBMITTED this 13th day of November, 2020.

24
25
Law Office of                          Law Office of
MICHAEL J. BLOOM, PC         HERNANDEZ & HAMILTON, PC

26
27
*s/Michael J. Bloom*                  *s/Joshua F. Hamilton (with permission)*
MICHAEL J. BLOOM                JOSHUA F. HAMILTON
Attorney for Claimant True      Attorney for Claimant True

28

6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# CERTIFICATE OF SERVICE

I, Joshua F. Hamilton, do hereby certify that on this 13th day of November, 2020, I electronically transmitted the foregoing documents to the Clerk's Office using the CM/ECF System for filing, and transmittal of a Notice of Electronic Filing was sent to the following recipients:

The Honorable James A. Soto
United States District Court

Adam Rossi, Assistant
United States Attorney's Office

Michael J. Bloom
Attorney for Claimant True

Joshua F. Hamilton
Attorney for Claimant True

By s/*Joshua F. Hamilton*
    JOSHUA F. HAMILTON