# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-19-00690-001-TUC-JAS (LCK) |
| Plaintiff, | **ORDER** |
| v. | |
| Alexander True Norman, | |
| Defendant. | |

    Pending before the Court is a third-party claim for seized property (Doc. 53), the Government's response/motion to dismiss the third-party claim (Doc. 81), and the third-party claimant's reply thereto (Doc. 82). As discussed below, the motion to dismiss is denied and the parties shall confer to discuss discovery and their readiness for an evidentiary hearing.

    The record reflects that Defendant pleaded guilty to attempted travel with intent to engage in illicit sex with a fourteen-year-old girl. Defendant traveled to Sierra Vista for that purpose, but the "girl" turned out to be an undercover agent with Homeland Security Investigations and Defendant was arrested.

    Defendant traveled to that illicit meeting in a 2018 Honda Civic, and the Government seized that vehicle and moved for its forfeiture as provided by federal statutes. The Government argues that the third-party claimant has no standing to contest forfeiture of the vehicle as the vehicle registration lists Defendant as the owner.

The third-party claimant is Defendant's mom (i.e., Anne True – hereinafter, "Anne"). While the title of the vehicle (issued by the Texas DMV) lists Defendant as the owner, Anne argues that she bought the vehicle with her own proceeds in anticipation of Defendant moving to Arizona for graduate school, and that she paid the fees, taxes, registration, and insurance for the vehicle, and that she had no clue whatsoever that her son was intending to commit criminal acts. In light of the foregoing, any determination as to legal ownership interests is premature, and a period of discovery and an evidentiary hearing is warranted. *See In the matter of 1986 Chevrolet Corvette*, 183 Ariz. 637, 639 (1994) ("[R]egistered title only constitutes prima facie evidence of ownership, a rebuttable presumption at best . . . Other indicia are frequently examined to determine . . . ownership.").[1]

Accordingly, IT IS HEREBY ORDERED as follows:

(1) The Government's response/motion to dismiss (Doc. 81) is denied.

(2) Counsel for the Government, Defendant and Anne shall meet and confer within 7 days of the filing date of this Order to discuss deadlines for: the completion of all discovery, exchange of disclosures and witness lists, and any other discovery issues that they deem necessary to advance this matter. Within 7 days of the parties meeting and conferring to discuss these issues, the parties shall submit a joint proposed case management report to the Court. After the Court reviews the joint

---

[1] The Court notes that the parties agree that state law is implicated insofar as assessing property interests that may be forfeited under federal forfeiture statutes. However, it is unclear if the parties agree on the applicable state law to be applied. The Court notes that the car in question was purchased in Texas and the vehicle title was issued by the Texas DMV; however, the crime occurred in Arizona, Defendant is charged in Arizona, and the car was seized and is being stored in Arizona. When conferring, the parties should discuss choice of law issues, and whether Texas or Arizona property law applies to the car at issue. The Court also notes that Anne (as the third-party claimant) ultimately must establish "by a preponderance of the evidence that . . . [she] has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property." 21 U.S.C. § 853(n)(6)(A). As such, in conducting discovery and preparing for the evidentiary hearing, the parties should know which state law applies, and the parameters of what constitutes a "legal right, title, or interest in the property" for purposes of forfeiture and exemptions thereto.

report, the Court will issue a Scheduling Order that will govern the deadlines as to this dispute.

(3) The Court will not set a date for an evidentiary hearing at this time.  Within 7 days after the parties have completed discovery, the parties shall file a joint motion to set an evidentiary hearing.  The joint motion shall discuss the estimated time it will take to complete the evidentiary hearing (i.e., number of hours or days), what witnesses will testify, and what topics each witness will address at the evidentiary hearing.  After the Court has reviewed the joint motion, the Court will issue an Order setting a date for an evidentiary hearing.  The Court may order that bench briefs be filed shortly before the evidentiary hearing, and may order proposed findings of fact and conclusions of law after the hearing.

Dated this 18th day of February, 2021.

Honorable James A. Soto
United States District Judge